UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| NATHANIEL L. GAITHER | ) | |
| | ) | |
| v. | ) | No. 1:04-cv-21 / 1:01-cr-14 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

## **MEMORANDUM**

Nathaniel L. Gaither ("Gaither") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. Shortly after filing his § 2255 motion, Gaither effectively moved to amend his motion. [Doc. Nos. 2, 8, 10]. Pursuant to the Court's order [Doc. No. 3] the United States filed a response [Doc. No. 7]. The government, however, failed to address the arguments raised in Gaither's amendment and so moved for an extension of time to do so [Doc. No. 11] and ultimately filed such response [Doc. No. 13]. Meanwhile, Gaither moved for an extension of time to reply to the government's responses [Doc. Nos. 9, 14] and eventually filed a reply [Doc. No. 15]. In the interim, Gaither also filed a motion to appoint counsel to assist in the § 2255 proceeding. [Doc. No. 12].

The Court will **GRANT** Gaither's motions to amend his § 2255 motion [Doc. Nos. 2, 8, 10], the government's motion for an extension of time to respond [Doc. No. 11], and Gaither's motions for an extension of time to reply [Doc. Nos. 9, 14]. In short, the Court will consider every claim and argument currently before it. After considering these claims and arguments, the Court will **DENY** Gaither's § 2255 motion [Doc. No. 1]. The record conclusively shows that he is not entitled to any

relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing. The Court will also **DENY** Gaither's motion to appoint counsel [Doc. No. 12].

I.      **Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

II.     **Facts**

Sometime in December 2000 Gaither and Danny Silvers, a confidential informant working with law enforcement officers, began discussing a cocaine transaction. The transaction was set to occur around December 31, 2000, in Chattanooga, Tennessee. That morning, Gaither and a friend, Regence Coleman, drove to Chattanooga to consummate the deal. Throughout the day Gaither had several conversations with Silvers regarding the transaction, four of which were recorded. Eventually Silvers and Charles Scott, another confidential informant, arranged for the transaction to occur the following day, January 1, 2001. Gaither planned to buy two kilograms of cocaine. Unbeknownst to Gaither the seller of the cocaine was an undercover police officer.

In the afternoon of January 1, 2001, the transaction commenced. Gaither got in a vehicle with the undercover officer. The officer placed two packages, representing two kilograms of cocaine, on the armrest and asked Gaither if he had the money. Gaither showed the officer a large sum of money. At this point, the take-down officers stormed the vehicle. Upon seeing the officers, Gaither said he was not buying anything and began to fight the undercover officer. Gaither managed to escape the vehicle and fled. Ensuing officers corralled Gaither after approximately fifteen minutes.

Gaither was informed of his constitutional rights and transported to the Hamilton County Sheriff's Department. Initially, Gaither told officers he came to Chattanooga to gamble. Upon learning that the seller of the cocaine was an undercover officer, Gaither confessed. Gaither admitted that he came to Chattanooga to buy two kilograms of cocaine and that he planned to sell the cocaine.

A grand jury returned a two-count indictment against Gaither and Coleman, charging both with conspiracy to distribute and possess with intent to distribute in excess of 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and with attempt to possess with intent to distribute in excess of 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). Subsequently, a grand jury returned a three-count superseding indictment, adding a charge that Gaither and Coleman unlawfully traveled in interstate commerce with intent to promote, carry on, and facilitate an unlawful activity, in violation of 18 U.S.C. §§ 1952 and 2.

Gaither went to trial. The government presented substantial evidence against Gaither, including the testimony of two confidential informants, Silvers and Scott; the testimony of the undercover officer; tape recorded conversations involving Gaither; Gaither's statements to the police

following his arrest; and a videotape of the transaction. Gaither testified in his own defense, claiming that he came to Chattanooga merely to buy a truck and some oxycontin. Upon a motion for a judgment of acquittal on all counts, the Court dismissed count 3 and submitted the other two counts to the jury. The jury rejected Gaither's testimony and convicted Gaither of both the conspiracy and the attempt charge.

The probation office prepared a presentence report for Gaither. Given Gaither's efforts to purchase two kilograms of cocaine, his base offense level was 28. Gaither received a two-level enhancement for his role in the offense and a two-level enhancement for obstruction of justice, resulting in a total offense level of 32. Gaither's criminal history category was III. Gaither's sentencing guidelines range was 151 to 188 months imprisonment.

Before the sentencing hearing, the Court relieved Gaither's trial counsel, Rita LaLumia, of her duty, appointing another attorney, Lee Davis, in her stead. At the sentencing hearing, the Court sentenced Gaither to 170 months imprisonment. Gaither appealed, but the Sixth Circuit affirmed. *United States v. Gaither*, No. 02-5162, 2003 WL 21054682, at *1 (6th Cir. May 6, 2003). Gaither timely filed this § 2255 motion.

### III.    Analysis

In his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the subsequent motions to amend, Gaither raises numerous claims: that the Court erred by denying the jury's requests for the trial transcripts outside the presence of Gaither and his counsel; that the Court erred by appointing Gaither's particular counsel, because she was not licensed to practice law in Tennessee; that Gaither's trial counsel was ineffective in multiple ways; and that his appellate

counsel was ineffective in various fashions. The Court finds that none of these claims entitles Gaither to any relief, and his § 2255 motion will be **DENIED**.

## A. Claim that Court Erred by Denying Jury's Request for Trial Transcripts

On the second day of their deliberations, the jury sent the Court a communication, requesting a "transcript of all testimony." [Doc. No. 1, Ex. 2]. Gaither argues that the Court erred by denying the jury's request in the absence of both Gaither and his counsel. Gaither's underlying contention—that the Court denied the jury's request without first consulting Gaither or his counsel—is incorrect. The Court's standard practice, when receiving a question from the jury, is to read the communication in court, offer counsel an opportunity to respond, and decide an appropriate response. When receiving this particular communication from the jury, the Court was hearing the case of Gaither's co-defendant, Regence Coleman. [*Compare* Doc. No. 1, Ex. 2 (jury communication sent on September 7, 2001, at 9:01 a.m.) *with* Case No. 1:01-cr-14, Doc. No. 77, Courtroom Minutes of Trial of Regence Coleman (trial resumed on September 7, 2001, at 9:00 a.m.)]. The Court recalls that it did not stop Coleman's trial to read the communication in open court. Instead, the Court held a sidebar with the Assistant United States Attorney and Gaither's counsel, informed the attorneys of the jury's communication, and decided to deny the jury's request. Contrary to Gaither's contention, the Court did not communicate with the jury ex parte.

Even assuming the Court communicated with the jury ex parte, Gaither is not entitled to any relief because Gaither's rights were not adversely affected by the communication. To be clear, "a court's ex parte communication with the jury will not require reversal where substantive rights of parties have not been adversely affected." *Miller v. Am. Pres. Lines, Ltd.*, 989 F.2d 1450, 1468 (6th Cir. 1993) (quoting *Petrycki v. Youngstown & Northern Ry. Co.*, 531 F.2d 1363, 1367 (6th

Cir.1976)). In other words, to warrant any relief, the ex parte communication must create a "reasonable possibility of prejudice." *United States v. Harris*, 9 F.3d 493, 499 (6th Cir. 1993) (quoting *United States v. Giacalone*, 588 F.2d 1158, 1165 (6th Cir. 1978)); *accord United States v. Carmichael*, 232 F.3d 510, 518 (6th Cir. 2000).

Here, Gaither points to no prejudice and the Court cannot find any. Whether to grant or deny a jury's request for a transcript of testimony is a matter within the sound discretion of the Court. *United States v. Rodgers*, 109 F.3d 1138, 1142 (6th Cir. 1997). Refusal to grant such a request is not an abuse of the Court's discretion. *United States v. Johnson*, No. 99-5305, 2000 WL 1769588, at *1 (6th Cir. Nov. 15, 2000). Nor does such refusal prejudice a defendant. *United States v. Wakefield*, No. 92-1987, 1993 WL 69113, at *2 (6th Cir. Mar. 11, 1993). Consequently, the Court's communication to the jury, even if it was ex parte, does not entitle Gaither to any relief.

### B. Claim that Court Erred by Appointing Gaither's Particular Counsel

Gaither next contends that the Court erred by appointing Gaither an attorney who is not licensed to practice law in the State of Tennessee. Gaither raised this contention at least twice while his criminal case was still pending before this Court. [Case No. 1:01-cr-14, Doc. Nos. 88, 98]. The Court denied both claims at that time. [*Id.*, Doc. No. 99]. The Court denies the claim once again. As indicated in the original memorandum and order deciding this issue, Gaither's counsel, Rita LaLumia, is licensed to practice law in the State of New Mexico and in the United States District Court for the Eastern District of Tennessee. [*Id.*]. That Gaither's counsel is not licensed to practice law in the State of Tennessee is irrelevant. Gaither's case was a federal criminal action in federal court. As such, Gaither's counsel must be licensed to practice before this Court. And she is. Accordingly, the Court did not err by appointing Ms. LaLumia to represent Gaither.

## C. Ineffective Assistance of Counsel Claims

Gaither also alleges that both his trial and appellate counsel were ineffective. Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000). In *Strickland* the Supreme Court set forth a two-part test for evaluating ineffective assistance of counsel claims. 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. First, a defendant must demonstrate that counsel's performance was deficient, falling below an objective standard of reasonableness. *Id.*; *Sowell*, 372 F.3d at 836-37. Second, a defendant must establish that this deficient performance prejudiced the defense. *Id.*; *Sowell*, 372 F.3d at 836-37.

In determining whether an attorney's conduct was deficient, a defendant must demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*; *Sowell*, 372 F.3d at 836. The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. *Id.* at 689; *Sowell*, 372 F.3d at 837. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonably professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90; *Sowell*, 372 F.3d at 837.

The second prong of the *Strickland* test requires a defendant to show that his attorney's deficient performance prejudiced his case. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. To establish prejudice, the defendant must show that "counsel's errors were

so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *accord Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. A defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the criminal proceeding would have been different. *Id.* at 694; *Smith*, 348 F.3d at 199. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial or judicial proceeding. *Id.* at 693-94.

Gaither first contends his counsel was ineffective for failing to move to suppress statements Gaither made following his arrest. Gaither's counsel moved to suppress these statements arguing that the *Miranda* warnings were given by different officers, confusing Gaither, and that the officers did not offer Gaither an opportunity to make a knowing, intelligent waiver of his rights. The Court denied this motion. [Case No. 1:01-cr-14, Doc. No. 65]. Gaither now contends that his counsel should have also argued that the statements were involuntary because Gaither was under the influence of oxycontin.

Gaither's counsel was not deficient for failing to make this argument. There were no facts that Gaither was functionally impaired, confused, or had difficulty understanding the circumstances of his arrest and *Miranda* warnings. Gaither does not allege such facts now. And the officers that interrogated Gaither at the time did not indicate such facts. To the contrary, at trial Gaither testified that he fully comprehended the *Miranda* warnings. [Case No. 1:01-cr-14, Doc. No. 114, Trial Transcript at p. 176]. In short, there were no facts which should have led Gaither's counsel to make such an argument. Consequently, her failure to do so was not deficient.

Even assuming the failure to make this argument was deficient, it did not prejudice Gaither as the argument would have been unsuccessful. Standing alone, cognitive impairment by a foreign substance is insufficient to establish that a statement is involuntary. *United States v. Newman*, 889

F.2d 88, 94 (6th Cir. 1989) (citing *Colorado v. Connelly*, 479 U.S. 157, 169-71 (1986)); *accord United States v. Soto*, No. 03-2295, 2005 WL 548786, at *7 (6th Cir. Mar. 7, 2005). Rather, "some element of police coercion is always necessary." *Id.*; *accord Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000); *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988). In this case, Gaither does not allege any police coercion, and the Court does not find any. Consequently, Gaither's argument that his confession should have been suppressed as involuntary is meritless, and his counsel's failure to raise the argument was not ineffective.

Gaither next alleges that his counsel was ineffective for failing to have the videotape of the transaction tested for tampering. Gaither believes that the government altered the videotape. Gaither's counsel was not ineffective in this regard. When there is nothing in the record to indicate that the government's evidence was fabricated or altered, defense counsel is not deficient for failing to test the evidence for such. *United States v. Van Der Ent*, No. 01-3423, 2002 WL 31780997, at *3 (6th Cir. Dec. 11, 2002). In this case, there is nothing in the record or on the videotape to suggest that it was altered in any way. Consequently, Gaither's counsel was not deficient for failing to have the videotape tested for tampering.

Gaither also argues his counsel was ineffective for failing to request production of all tape-recorded conversations in the government's possession. Gaither believes that there are multiple tapes of recorded conversations involving Gaither, some of which are exculpatory. Gaither's attorney, he contends, only requested production of the tape evidencing the transaction at issue in this case. The record contradicts Gaither's contention. At the suppression hearing, Gaither's counsel advised the Court that she requested all tapes in the government's possession for the period November 20, 2000, through December 31, 2000. [Case No. 1:01-cr-14, Doc. No. 115, Transcript

of Suppression Hearing at p. 77-78]. Gaither's counsel requested all the tapes relevant to this transaction and, therefore, was not deficient in this regard.

Even if Gaither's counsel's failure to seek discovery of all the tapes in the government's possession was deficient, this failure did not prejudice Gaither. To be clear, in discussing this claim, Gaither does not allege any exculpatory evidence contained in a recorded conversation. Gaither contends that he and Doyle Cross talked about marijuana, cocaine, methamphetamine, and oxycontin, while the tapes turned over by the government only contain conversations discussing marijuana and methamphetamine. [Doc. No. 1 at p. 5]. Apparently Gaither believes that the tapes containing conversations about cocaine and oxycontin are exculpatory. However, the Court fails to see how any tapes that include discussions of cocaine and oxycontin could be exculpatory or beneficial to Gaither.

Nonetheless, assuming a tape contains exculpatory evidence—for example, Gaither telling Cross that he did not "mess with cocaine"—the failure to obtain the tape was not prejudicial to Gaither. Such an exculpatory statement would only have supported Gaither's trial testimony, in which he testified that he did not buy or sell cocaine. Gaither's testimony, however, was contradicted by his actions: Gaither was videotaped attempting to buy two kilograms of cocaine from an undercover police officer. Gaither's trial testimony was also contradicted by his confession to the police following his arrest. By convicting Gaither, the jury chose to credit Gaither's actions and his confession, rather than his trial testimony. Similarly, the jury would likely have rejected any exculpatory statements, contained in recorded conversations, that supported Gaither's trial testimony. Accordingly, the failure to obtain, and offer to the jury, any exculpatory statements in a taped conversation—assuming such statements exist—was not prejudicial.

Gaither next contends his counsel was ineffective for failing to effectively impeach Danny Silvers on cross-examination. The record belies Gaither's contention. Gaither's counsel vigorously attacked Silvers' credibility during cross-examination, pointing out that Silvers was getting paid to be a confidential informant; that pending charges for drug crimes against Silvers in state court were dismissed when Silvers agreed to cooperate with law enforcement officials; and that Silvers had spent time in jail for previous drug crimes. [Case No. 1:01-cr-14, Doc. No. 113, Trial Transcript at 30-33]. Moreover, on direct examination, Silvers testified at length about getting paid to be a confidential informant, the dismissal of the pending state charges, and his criminal record. [*Id.* at 5-7]. Consequently, Gaither's counsel's cross-examination of Silvers was not deficient, and, even if so, it did not prejudice Gaither.

Gaither next argues that his counsel was ineffective for failing to call Doyle Cross to testify. A defense counsel's failure to call a particular witness does not prejudice a defendant where the witness' testimony would merely corroborate the defendant's testimony. *United States v. Foreman*, 323 F.3d 498, 504-05 (6th Cir. 2003). And in this case, Cross' proposed testimony would have supported Gaither's testimony, but provided nothing additional. According to Gaither, Cross would have testified that Gaither was not interested in purchasing or selling cocaine and that Gaither was only coming to Chattanooga to buy a truck and some oxycontin. Gaither provided the identical account in his testimony. Because Cross' testimony would merely corroborate Gaither's testimony, the failure to call Cross to testify did not prejudice Gaither. Moreover, the jury rejected Gaither's testimony—the same testimony Cross would have offered—crediting instead the testimony of the undercover police officer, the testimony of the two confidential informants, Gaither's confession

after his arrest, the tape-recorded conversations, and the videotape of the transaction. Gaither's counsel was not ineffective for failing to call Cross as a witness.

Gaither next contends his counsel was ineffective for failing to move for a judgment of acquittal on counts 1 and 2. Again, the record belies Gaither's contentions. At the conclusion of the government's case-in-chief, Gaither's counsel specifically moved for a judgment of acquittal on all three counts facing Gaither, but the Court denied the motions. [Case No. 1:01-cr-14, Doc. No. 113, Trial Transcript at p. 128-31; *id.*, Doc. No. 74, Courtroom Minutes]. At the conclusion of the evidence, Gaither's counsel again moved for a judgment of acquittal. [*Id.*, Doc. No. 76, Courtroom Minutes]. The Court denied the motions as to counts 1 and 2, but granted the motion as to count 3. [*Id.*] Gaither's counsel was not ineffective in this regard.

Gaither also argues that his counsel was ineffective for encouraging Gaither to waive the mental competency hearing. By way of background, Gaither was sent to a federal medical facility for a mental competency evaluation to determine whether Gaither was competent to stand trial. [Case No. 1:01-cr-14, Doc. No. 22]. Dr. Thomas Patenaude, along with a team of staff and clinicians, evaluated Gaither for approximately thirty days and concluded that Gaither was competent to stand trial. [*Id.*, Doc. No. 26]. Based on this report, Gaither's counsel recommended that Gaither waive the mental competency hearing, and Gaither did so. [*Id.*, Doc. Nos. 28, 29]. In December 2003, after Gaither's judgment of conviction was final, the Court received a letter indicating that an internal investigation called into question the credibility of Dr. Patenaude's credibility and the accuracy of his evaluation in an unrelated matter. Based on this information, Gaither now contends that his counsel was ineffective for encouraging Gaither to waive his mental competency hearing.

Gaither fails to establish the requisite prejudice to maintain his ineffective assistance of counsel claim. While at the federal medical facility, Gaither was evaluated by a team of clinicians led by Dr. Patenaude. [*See* Case No. 1:01-cr-14, Doc. No.26, Mental Competency Evaluation]. Dr. Patenaude and this team concluded that Gaither was competent to stand trial. [*Id.*]. Despite the letter questioning Dr. Patenaude's evaluation in an unrelated case, there is no evidence that the team, absent Dr. Patenaude, would have found Gaither incompetent to stand trial. And there is no evidence in the record to suggest that the team's conclusion regarding Gaither was erroneous. Indeed, Gaither testified at his trial and there was no indication in his testimony that Gaither was incompetent to stand trial. [Doc. No. 113, Trial Transcript at p. 133-60; Doc. No. 114, Trial Transcript at 165-208]. Accordingly, the recommendation that Gaither waive his mental competency hearing did not prejudice Gaither, and his counsel was not ineffective in this regard.

Gaither next attacks the performance of his appellate counsel, Lee Davis. Gaither first contends his appellate counsel was ineffective for filing an appeal without first obtaining transcripts of the trial proceedings. The record belies Gaither's contention. Gaither's appellate counsel requested and received transcripts of virtually every proceeding before the Court, including Gaither's initial appearance [Case No. 1:01-cr-14, Doc. Nos. 108, 110], hearings before the magistrate judge [*Id.*, Doc. Nos. 109, 112], the suppression hearing [*Id.*, Doc. No. 115], both days of trial [*Id.*, Doc. Nos. 113, 114], and the sentencing hearing [*Id.*, Doc. No. 116]. Gaither's appellate counsel was not ineffective for failing to obtain the necessary transcripts before filing Gaither's appeal.

Gaither also alleges his counsel was ineffective for failing to confer with Gaither about which claims to pursue on appeal. Gaither specifically contends his appellate counsel should have

challenged the sufficiency of the evidence supporting the convictions on counts 1 and 2. Gaither's counsel was not ineffective in this regard. To begin, failing to confer with Gaither about which claims to pursue on appeal was not deficient performance. For "the professional judgment of appellate counsel includes the determination of which colorable claims to raise on appeal." *Coleman v. Mitchell*, 268 F.3d 417, 430 (6th Cir. 2001). Indeed, appellate counsel does not have a duty to raise every non-frivolous claim requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983); *Coleman*, 268 F.3d at 430-31. Consequently, failure to confer with Gaither regarding which issues to assert on appeal was not deficient.

Even if such a failure were deficient, it did not prejudice Gaither. In other words, the claim Gaither wanted his appellate counsel to raise—sufficiency of the evidence—was meritless. In reviewing a conviction for sufficiency of the evidence, the issue is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *accord United States v. Stonefish*, 402 F.3d 691, 695 (6th Cir. 2005). In this case, the evidence was certainly sufficient to support the convictions on counts 1 and 2. The government's evidence included the testimony of two confidential informants who arranged the cocaine transaction; an undercover police officer who posed as the seller in the transaction; tape-recorded conversations in which Gaither discussed the cocaine transaction; a videotape of the transaction; and Gaither's confession to the police following his arrest. This evidence, viewed in the light most favorable to the government, was certainly sufficient to convict Gaither of counts 1 and 2. Consequently, the failure to raise this claim on direct appeal did not prejudice Gaither.

Lastly, Gaither also contends his appellate counsel was ineffective for failing to provide a copy of the trial transcripts to Gaither. This failure was neither deficient nor prejudicial. Gaither's appellate counsel was under no obligation to provide a copy of the transcripts to Gaither. And as discussed above, Gaither's counsel need not confer with Gaither in determining which claims to present on direct appeal. Further, Gaither fails to identify any resulting prejudice, and the Court finds none.

In sum, Gaither fails to establish that either his trial counsel or his appellate counsel was ineffective. Accordingly, Gaither's ineffective assistance of counsel claims will be **DENIED**.

**D. Motion to Appoint Counsel**

Gaither also moves to appoint counsel to assist in the § 2255 proceeding. [Doc. No. 12]. However, "the right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In short, a defendant has no right to counsel in a post-conviction proceeding. *Id.* Consequently, Gaither's motion to appoint counsel to assist in this § 2255 proceeding will be **DENIED**.

A separate order will enter.

　　　　　　　　　　　　　　　　　　*/s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE